IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CUTRELL VARNADO**                                                                    **PETITIONER**

**v.**                                                                       Case No. 3:23-cv-3014-KHJ-BWR

**BRAND HUFFMAN**                                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petitioner Cutrell Varnado's (Petitioner) Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Respondent Brand Huffman (Respondent) has filed an Answer [7]. The undersigned recommends dismissing the Petition [1] with prejudice.

### I.    BACKGROUND

On March 29, 2016, Petitioner waived indictment and plead guilty to first degree murder on the bill of information in the Simpson County Circuit Court. Ex. [8-1] at 8-27. That same day, the court sentenced Petitioner to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. *Id.* at 28-29. In connection with Petitioner's decision to enter a guilty plea, Petitioner signed a document entitled "Defendant's Statement of Understanding on Petition to Enter Plea of Guilty." Ex. [7-1] at 10-20. In part, the document informed Petitioner that:

> Even if your attorney and the prosecutor have reached a plea bargain agreement and even if the State makes a recommendation as to sentence in your case, that recommendation is not binding upon the Court and the Court does not have to follow that recommendation and could sentence you to any term of incarceration up to the maximum sentence allowed by law. . . . If the Court does not accept the plea bargain agreement, you have the right to immediately withdraw your guilty plea

1

and proceed to trial.

*Id.* at 14. Petitioner's signature on this document confirmed that he read it, reviewed it "thoroughly" with his attorney, and understood it.[1] *Id.* at 19-20.

At Petitioner's bill of information hearing, also on March 29, 2016, Petitioner testified on record. Petitioner's lawyer was present at this hearing. Ex. [8-2] at 2. Petitioner agreed with the State's representation of the facts regarding the first degree murder he was charged with and agreed that he committed first degree murder as charged. *Id.* at 9-12. The trial court explained to Petitioner that the sentence imposed for first degree murder is life imprisonment. *Id.* at 12. Petitioner confirmed that he understood this. *Id.* The trial judge explained that Petitioner would not be eligible for parole or early release until he turned 65-years-old. *Id.* Petitioner stated that he understood this as well. *Id.* Going further, the trial judge explained that this did not mean that Petitioner was guaranteed parole or early release at 65, but just that Petitioner would become eligible for both at 65. *Id.* at 12-13. Petitioner responded that he understood this. *Id.* Petitioner agreed that he entered his guilty plea "freely and voluntarily and after talking it over with [his] lawyer." *Id.* at 15-16. Furthermore, Petitioner stated that he believed that his lawyer properly represented him and that he had no complaints about his lawyer. *Id.* at 16-17.

On February 9, 2017, Petitioner filed an Application for Post Conviction Collateral Relief (PCR Motion) in the Simpson County Circuit Court. Ex. [8-5] at 11-

---

[1] Petitioner completed twelve years of school and a half year of college. Ex. [8-1] at 11. He is able to read and write and is mentally competent. *Id.*

19. On September 19, 2018, Petitioner filed a second PCR Motion in the Simpson County Circuit Court while Petitioner's first PCR Motion was still pending. Ex. [8-1] at 39-49; Ex. [7-7].

The court denied Petitioner's first PCR Motion on June 8, 2021 and denied Petitioner's second PCR Motion on July 23, 2021. Ex. [8-5] at 3-4; Ex. [8-1] at 63-64. Petitioner did not appeal the Simpson County Circuit Court's denial of his first PCR Motion. Ex. [7-7]. But Petitioner did appeal the denial of his second PCR Motion. Ex. [8-1] at 71. On June 6, 2023, the Mississippi Court of Appeals affirmed the trial court's denial of Petitioner's second PCR Motion. *Varnado v. State*, 362 So. 3d 127, 130 (Miss. Ct. App. 2023). Petitioner did not appeal. Pet. [1] at 2; Ex. [7-13].

On January 12, 2024, Petitioner filed a third PCR Motion in the Mississippi Supreme Court. Ex. [8-6] at 4-10. The Mississippi Supreme Court dismissed this third PCR Motion without prejudice on February 14, 2024. *Id.* at 2.

Petitioner submitted the Petition [1] now before the Court on October 18, 2023. The Petition [1] states three grounds for relief:

  i. Petitioner's guilty plea was not made voluntarily, knowingly, and intelligently—nor of his own free will.

 ii. Petitioner's conviction and sentence derived from prosecutorial misconduct.

iii. Petitioner was denied his right to the effective assistance of trial counsel.

Respondent argues that the Petition [1] is procedurally defaulted and not properly before this Court. Answer [7] at 11-21.

3

II.   DISCUSSION

1. <u>The Petition [1] is procedurally defaulted for failure to exhaust</u>

   a. *Applicable law*

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). To satisfy the exhaustion requirement, the substance of the federal claim must have been "fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004) (first citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995); then *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999)), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Kessler v. Moore*, No. 3:02-cv-142-WHB-AGN, 2005 WL 1593940, at *7 (S.D. Miss. June 15, 2005) ("Kessler was obliged to present his constitutional claims to the State's highest court in a procedurally proper manner; i.e., to request a writ of certiorari after the Mississippi Court of Appeals denied relief on his claim . . . . Since he did not, . . . Kessler has defaulted.").

A habeas petitioner may overcome the bar for a procedurally defaulted claim in two ways. First, the petitioner can overcome the procedural bar by showing cause for the default and actual prejudice resulting from the alleged violation of federal law. *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (quoting *Coleman v.*

4

*Thompson*, 501 U.S. 722, 750 (1991)). For a finding of cause, there "must be something *external* to the petitioner, something that cannot fairly be attributed to him" that prevented him from raising and discussing the claims as grounds for relief in state court. *Coleman*, 501 U.S. at 753 (emphasis in original). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003) (quoting *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996)).

Second, the petitioner can overcome the procedural bar by showing that a fundamental miscarriage of justice would result if the procedural bar were applied. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To make this showing, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Id.* (first quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); then citing *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998)). Furthermore, the petitioner must support his allegations with new, reliable evidence, that was not presented at trial, and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

### b. *Analysis*

Petitioner failed to exhaust each of his claims for relief and, therefore, his Petition [1] should be dismissed as procedurally defaulted. It is undisputed that Petitioner did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." *O'Sullivan*, 526 U.S. at 845; Pet. [1] at 2. Petitioner never "request[ed] a writ of certiorari after the Mississippi Court of Appeals denied relief on his claim." *Kessler*, 2005 WL 1593940, at *7; Pet. [1] at 2-5. Petitioner admits to this. Pet. [1] at 2-5. His only explanation is that an "appeal to the Mississippi Supreme Court would have been futile." *Id.*

Petitioner's filing of his third PCR Motion in the Mississippi Supreme Court does not meet the exhaustion requirement. In *Towner v. Waller*, Oscar Towner (Towner) appealed his conviction and sentence to the Mississippi Court of Appeals but did not file a writ for certiorari review. No. 1:03-cv-618-DMR-JMR, 2006 WL 2514121, at *1 (S.D. Miss. Aug. 29, 2006). Towner later filed a PCR motion in the Mississippi Supreme Court. *Id.* The court denied the PCR motion as meritless and procedurally barred. *Id.* at *2. This Court, on review of Towner's petition for writ of habeas corpus, held that Towner's petition was procedurally barred for failure to exhaust his claims through seeking discretionary review with the Mississippi Supreme Court. *Id.* at *2-3. Even though Towner presented his claims to the Mississippi Supreme Court through a PCR motion, he did not do so through the direct appeal process. *Id.* at *1-2. Thus his claims were not exhausted. *Id.* at *1-3.

Here, the undersigned reaches the same result as in *Towner*. Petitioner never applied for discretionary review with the Mississippi Supreme Court. Instead, Petitioner stopped at the Mississippi Court of Appeals because, in his view, further appeal would have been "futile." Pet. [1] at 2-5. Like in *Towner*, Petitioner failed to exhaust his claims regardless of Petitioner's third PCR Motion. *O'Sullivan*, 526 U.S.

6

at 845; *Kessler*, 2005 WL 1593940, at *7; *Towner*, 2006 WL 2514121, at *1-3.

The exhaustion requirement may be excused upon a showing of futility but Petitioner does not make this showing. *Fisher*, 169 F.3d at 303. The futility "exception is quite limited, applying only 'when . . . the highest state court has *recently* decided the *same* legal question adversely to the petitioner.'" *Lewis v. Cockrell*, 58 Fed. App'x 596, 2003 WL 261847, at *4 (5th Cir. 2003) (emphasis in original) (quoting *Fisher*, 169 F.3d at 303). For this Court to excuse Petitioner's failure to exhaust, Petitioner "must show: the state court had a full and fair opportunity to decide the *same* issue in a *recent* case; and interests of comity and federalism are served by excusing the failure to exhaust." *Id.* (emphasis in original). Petitioner does not argue that the Mississippi Supreme Court recently had the opportunity to decide the same issues presented here. In fact, Petitioner does not cite any caselaw on the futility exception. Petitioner merely asserts futility in conclusory fashion. [2] Pet. [1]. Petitioner's threadbare futility argument does not except him from the exhaustion requirement.

Petitioner currently has no means of presenting his claims to the Mississippi Supreme Court. If Petitioner attempted to file another PCR motion, then it would be procedurally barred as a successive writ. MISS. CODE ANN. § 99-39-27(9); *Buice v. State*, 751 So. 2d 1171, 1172-73 (Miss. Ct. App. 1999). "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there

---

[2] Petitioner does not advance a futility argument in his Memorandum [2] in support of his Petition [1]. Pet'r's Mem. [2].

has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citing *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)). Thus Petitioner has procedurally defaulted all of his claims. *Id.*

Petitioner cannot demonstrate the applicability of an exception for any of his procedurally barred claims. Petitioner has not asserted that an external force prevented him from raising any of his grounds for relief at the trial level or on direct appeal. Even if Petitioner had made such an assertion, Petitioner cannot show that, if he had raised these grounds, his outcome would have differed.

Nor has Petitioner brought forth any new, reliable evidence to establish that he is innocent of his crime of conviction. And Petitioner certainly cannot establish, and does not argue, that, in light of any such evidence, no reasonable juror would have convicted him. Therefore, Petitioner's Petition [1] should be dismissed.

2. The Petition [1] is meritless

   a. *Applicable law*

When addressing arguments that a state court reviewed on the merits, the focus in a federal habeas proceeding is not whether there was an error in applying state law but is instead whether there has been a denial of rights protected by the Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (first citing 28 U.S.C. § 2241; then *Rose v. Hodges*, 423 U.S. 19, 21 (1975)). Accordingly, under the AEDPA, a petitioner may not obtain federal habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application

of, clearly established federal law, as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254; *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012) (quoting § 2254(d)); *Brown v. Payton*, 544 U.S. 133, 141 (2005).

Review under the AEDPA is "highly deferential" to the state court's decision. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). The intentionally difficult standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Harrington*, 562 U.S. at 102-03). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102.

For ineffective assistance of counsel claims, federal courts follow *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a criminal defendant must show that counsel rendered deficient performance and that counsel's actions resulted in actual prejudice. 466 U.S. at 687. To demonstrate deficient performance, a party must show that their "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 687-88. There exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's strategic decisions must be

9

given great deference. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

To demonstrate actual prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

For relief on Petitioner's ineffective assistance of counsel claim, Petitioner must also adhere to 28 U.S.C. § 2254. With § 2254, when a state court has already rejected an ineffective assistance of counsel claim, the question becomes "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. This is different from the question of whether defendant's "counsel's performance fell below *Strickland*'s standard." *Id.* at 101. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* at 105 (internal quotations omitted) (first quoting *Strickland*, 466 U.S. at 689; then citing *Lindh*, 521 U.S. at 333 n.7; and then quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

When reviewing a § 2254 petition, the federal court looks to the state court's "last reasoned opinion." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012).

    b. *Analysis*

        **i. Ground one**

Petitioner's first argument for relief is that he did not enter his guilty plea in a voluntary, knowing, and intelligent manner and did not enter his guilty plea of his own free will. Pet. [1] at 5; Pet'r's Mem. [2] at 3-7. As support for this argument, Petitioner first claims that his trial counsel did not "advise" him that "should the

court refuse to accept the plea agreement recommended by the prosecution—that, Petitioner would not be allowed to withdraw his guilty plea." Pet'r's Mem. [2] at 3. Petitioner submits that his guilty plea "was induced by fear, and was not of his own free will." *Id.* at 4-5. Petitioner claims he was "not informed prior to entering plea; [sic] that his parole eligibility would not be until he reached the age of sixty-five." *Id.* at 6. Then Petitioner alleges that he was told that "if he went to trial—he would surely be convicted." *Id.* Finally, Petitioner argues he "was confronted with false information as to the underlying facts of the crime(s) charged." *Id.*

Two of Petitioner's arguments are procedurally barred from habeas review. Federal habeas review is procedurally barred "[i]f a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (first citing *Coleman*, 501 U.S. at 731-32; then *Harris v. Reed*, 489 U.S. 255, 262-63 (1989); and then *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)). An adequate procedural rule is one that is "strictly or regularly followed." *Stokes v. Anderson*, 123 F.3d 858, 859-60 (5th Cir. 1997) (first quoting *Johnson v. Mississippi*, 486 U.S. 578 (1988); then citing *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). "The petitioner bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal." *Id.* at 860 (citing *Sones*, 61 F.3d at 416). As stated above, a petitioner can only overcome a procedural bar by showing either (1) cause for the default and actual prejudice resulting from the alleged violation of federal law or (2) that he is actually

11

innocent. *See supra* at pp. 4-5.

The Mississippi Court of Appeals held that Petitioner's arguments (1) that his plea was involuntary because he was not advised that he could withdraw his guilty plea if the circuit court did not accept the State's recommended plea agreement and (2) that the circuit court did not inform him that he would not be eligible for parole until he turned 65 were procedurally barred for Petitioner's failure to raise the issues in his PCR Motion before the circuit court. *Varnado*, 362 So. 3d at 133-34. This constitutes a rejection of these two arguments based on a state procedural rule. Petitioner does not attempt to meet his burden of showing that the "waiver" procedural bar is not regularly followed. Nor does Petitioner assert any argument that would except him from the applicable procedural bar. Therefore these two arguments are procedurally barred from federal habeas review.

The Mississippi Court of Appeals also found all of Petitioner's arguments in ground one to be without merit. *Id.* at 134-37. The court relied on the transcript from Petitioner's bill of information hearing. *Id.* At this hearing, Petitioner confirmed that nobody told him "the court would be lighter on" him if he plead guilty. *Id.* at 136; Ex. [8-2] at 15. Petitioner also confirmed that no one threatened him to coerce him into pleading guilty and that he entered into his "plea freely and voluntarily and after talking it over with [his] lawyer." *Varnado*, 362 So. 3d at 136; Ex. [8-2] at 15-16. The court informed Petitioner that he would become eligible for early release at age 65. *Varnado*, 362 So. 3d at 134-36; Ex. [8-2] at 12-13. After recounting Petitioner's sworn testimony, the court explained that it "is entitled to place great weight on" that

testimony and that "a defendant faces a rather high hurdle in recanting that testimony." *Varnado*, 362 So. 3d at 136 (quoting *Baldwin v. State*, 923 So. 2d 218, 222 (Miss. Ct. App. 2005)). The court then concluded that Petitioner's arguments were meritless because Petitioner "failed to overcome this high hurdle and failed to present any evidence to substantiate his claim." *Id.* at 136-37.

As an aside, the undersigned notes that the trial court did inform Petitioner of his rights in the event that the court refused to accept the plea bargain agreement between the State and Petitioner. Ex. [7-1] at 14.

Petitioner makes no argument, nor does the undersigned find, that the Mississippi Court of Appeals' opinion on this ground was contrary to federal law or based upon an unreasonable determination of the facts. This ground for relief is therefore meritless and should be dismissed.

### ii. Ground two

Next, Petitioner argues that his "conviction and sentence derived from prosecutorial misconduct." Pet. [1] at 7; Pet'r's Mem. [2] at 8-12. Petitioner argues that the prosecutor presented false evidence. Pet'r's Mem. [2] at 8-12.

In rejecting this ground, the Mississippi Court of appeals again turned to the transcript from Petitioner's bill of information hearing. *Varnado*, 362 So. 3d at 137-38. At Petitioner's bill of information hearing, Petitioner testified that he did not disagree with anything the prosecution said regarding his charge, did not want to add anything to what the prosecution said, and agreed that the prosecution's statements were true. *Id.* at 138; Ex. [8-2] at 12. Since Petitioner presented no evidence to

contradict his sworn testimony, the court denied Petitioner relief on this ground.

Petitioner makes no argument, nor does the undersigned find, that the Mississippi Court of Appeals' opinion on this ground was contrary to federal law or based upon an unreasonable determination of the facts. This ground for relief is therefore meritless and should be dismissed.

### iii. Ground three

Petitioner's third ground for relief raises ineffective assistance of counsel. Pet. [1] at 9; Pet'r's Mem. [2] at 12-16. Petitioner argues his trial counsel was ineffective for waiving indictment. Pet'r's Mem. [2] at 12-13. Furthermore, Petitioner claims his trial counsel failed to object to certain evidence, including allegedly false evidence. *Id.* at 15-16. Petitioner claims his counsel never sought "out or interviewed important witnesses" and "failed to present vital information." *Id.* at 16.

The Mississippi Court of Appeals found Petitioner's ineffective assistance of counsel arguments meritless. *Varnado*, 362 So. 3d at 137. The court cited Petitioner's sworn statements at his bill of information hearing. *Id.* Petitioner testified that he was "satisfied" with his lawyer's services, that Petitioner "believe[d] that [his] lawyer ha[d] properly advised [him] in [his] plea," that he "believe[d] that [his] lawyer ha[d] properly represented" him, and that he had no complaints about his lawyer. *Id.*; Ex. [8-2] at 16-17; *see also* Ex. [7-1] at 19. Moreover, Petitioner "failed to provide any affidavits—apart from his own assertions—to substantiate his claim of ineffective assistance of counsel." *Varnado*, 362 So. 3d at 137. This provided more reason for the court to find that Petitioner's claims were "without merit." *Id.* (quoting *Brooks v.*

14

*State*, 208 So. 3d 14, 18 (Miss. Ct. App. 2017)).

The Mississippi Court of Appeals' opinion presents a reasonable argument that Petitioner's trial counsel satisfied *Strickland*. Petitioner's third ground for relief should be dismissed under this Court's doubly-deferential review of *Strickland* claims.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing Petitioner Cutrell Varnado's Petition [1] for Writ of Habeas Corpus with prejudice.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being

15

served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED,** this the 21st day of June 2024.

                                                          *s/* *Bradley W. Rath*
                                                           BRADLEY W. RATH
                                                           UNITED STATES MAGISTRATE JUDGE